**Lee DEROSSI, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 03–3134.**

United States Court of Appeals, Federal Circuit.

July 10, 2003.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

PER CURIUM.

Lee DeRossi ("DeRossi") petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. BN0831020177–I–1, 2003 WL 152830, denying her claim for survivor benefits. For the reasons discussed herein, we *affirm.*

DeRossi applied to the Office of Personnel Management ("OPM") for survivor benefits under the Civil Service Retirement Act after the death of her husband. OPM denied her application for benefits because DeRossi's husband elected a retirement annuity payable only during his lifetime, rather than a reduced annuity payable during his lifetime coupled with a surviving spouse annuity. DeRossi requested that OPM reconsider its decision, which it did, again denying her claim for benefits based on documentation showing that she consented to her husband's election not to provide her with a survivor annuity. DeRossi then appealed OPM's decision to the Board. The assigned Administrative Judge affirmed OPM's decision on the administrative record, DeRossi having waived her right to a hearing. DeRossi then petitioned the full Board for review of the Administrative Judge's deci-

sion. *DeRossi v. Office of Pers. Mgmt.*, No. BN0831020177–I–1 (M.S.P.B. Dec.4, 2002) ("Initial Decision"). The Board denied DeRossi's petition, making the Initial Decision the Final Decision of the Board. DeRossi now petitions this court for review.

This court is vested with jurisdiction to review the final decision of the Board by 5 U.S.C. § 7703(b)(1). When considering DeRossi's petition for review, we

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000).

The pertinent facts are stated in the Initial Decision and will not be repeated here. As stated in the Initial Decision, the Administrative Judge determined that DeRossi failed to present sufficient evidence that she did not sign form 2801–2, Spousal Consent to Survivor Election. The signature "Lee DeRossi" appears on this document, which was signed by a notary public. Moreover, DeRossi does not dispute signing an Alternative Annuity Election form in front of a notary public, thereby consenting to her husband's election of a lump sum payment followed by monthly retirement payments until his death.

We find no error with the Administrative Judge's consideration of DeRossi's appeal. Following the factors set forth in *Borninkhof v. Department of Justice,* 5 MSPB 150, 5 M.S.P.R. 77, 87 (1981), the Administrative Judge considered the probative value of DeRossi's unsworn statement that she did not sign form 2801–2. The Administrative Judge also determined

that the notaries' signatures, representing that DeRossi signed form 2801–2 and the Alternative Annuity Election form, were more credible than DeRossi's present claim that she never signed form 2801–2. *See Hillen v. Dep't of the Army,* 35 M.S.P.R. 453, 458 (1987) (listing factors applied by the Administrative Judge). The Administrative Judge's credibility determination is virtually unreviewable by this court, *Rogers v. Office of Pers. Mgmt.,* 87 F.3d 471, 472 (Fed.Cir.1996), and, in any event, we agree with that determination.

Thus, having reviewed the record and each party's submissions to this court, we see no basis for concluding that the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. The final decision of the Board is therefore affirmed.